UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONTE CORMIER,

             Petitioner,

  v.

DAVID L. RUNNELS, Warden, High Desert State Prison, Susanville,

             Respondent.
_____/

No. C 05-3924 MHP

**ORDER TO SHOW CAUSE**

     Petitioner Donte Cormier is currently a prisoner of the State of California incarcerated at High Desert State Prison. Petitioner brings this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2254 to challenge his conviction for second degree murder with associated firearms enhancements in violation of California Penal Code sections 187 and 12022.53(d).

     Jurisdiction to address a petition for writ of habeas corpus exists in the district of incarceration and in the district of conviction. 28 U.S.C. § 2241(d). Although venue is therefore proper in either the district of confinement or the district of conviction, traditionally California federal courts hear petitions for a writ of habeas corpus in the district of conviction. Laue v. Nelson, 279 F. Supp. 265 (N.D. Cal. 1968) (Weigel, J.). Venue lies in this district because petitioner was convicted in Alameda County Superior Court.

BACKGROUND

     Petitioner was convicted of second degree murder with associated firearms enhancements in violation of California Penal Code sections 187 and 12022.53(d). Following his conviction,

petitioner was sentenced in the Alameda County Superior Court to forty years to life imprisonment. Petitioner alleges that his fifth amendment due process rights and sixth amendment right to effective assistance of counsel have been violated. Specifically, petitioner raises four claims. First, petitioner contends that the trial court's exclusion of evidence of the victim's prior criminal convictions deprived petitioner of his due process right to present a defense – imperfect self-defense. Second, petitioner claims that trial counsel's failure to locate or subpoena two witnesses deprived him of his sixth amendment right to effective assistance of counsel and of his fifth amendment right to due process. Third, petitioner claims that trial counsel's failure to argue imperfect self-defense in closing argument constituted a deprivation of his sixth amendment right to effective assistance of counsel and of his fifth amendment right to due process. Fourth, petitioner claims that the cumulative effect of multiple errors produced a denial of due process.

LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The purpose of the writ of habeas corpus is to "protect[] individuals from unconstitutional convictions and . . . to guarantee the integrity of the criminal process by assuring that trials are fundamentally fair." O'Neal v. McAninch, 513 U.S. 432, 442 (1995); see also Brecht v. Abrahamson 507 U.S. 619, 633–34 (1993).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court may summarily dismiss a habeas petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting 28 U.S.C. § 2254, Rule 4). Summary dismissal is appropriate only when the allegations in the petition are vague, conclusory, palpably incredible, patently frivolous, or false. See id.

DISCUSSION

Petitioner raises four claims in support of his argument that he is in custody in violation of the Constitution of the United States. First, petitioner contends that the trial court's exclusion of evidence of the victim's prior criminal convictions deprived him of his due process right to present a defense. In particular, petitioner claims that evidence of a prior conviction involving firearms would have supported petitioner's claim that he actually feared harm, which is an element of self-defense, or in the alternative, imperfect self-defense. Second, petitioner claims that trial counsel's failure to locate or subpoena two witnesses deprived him of his sixth amendment right to effective assistance of counsel and his fifth amendment right to due process. According to petitioner, these witnesses would have supported his version of events. Third, petitioner claims that trial counsel's failure to argue imperfect self-defense during closing arguments constituted a deprivation of his sixth amendment right to effective assistance of counsel and his fifth amendment right to due process. Fourth, petitioner claims that the cumulative effect of multiple errors produced a denial of due process.

On the basis of the record before the court, which at this time consists only of the petition itself, petitioner's allegations do not appear vague, conclusory, palpably incredible, patently frivolous, or false. See Hendricks, 908 F.2d at 491. Thus, the court finds that petitioner has stated cognizable claims for the issuance of a writ of habeas corpus.

CONCLUSION

Having reviewed the petition, the court hereby FINDS and ORDERS THAT:

(1) Petitioner's claims for relief state cognizable claims for federal habeas relief;

(2) The clerk of this court SHALL, by certified mail:

(a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and,

(b) serve a copy of this Order upon petitioner and petitioner's attorneys;

(3) Pursuant to Habeas Local Rule 2254-6, respondent shall file an answer or other pleading with this court within sixty (60) days of the date of this order.  This answer or other pleading must conform in all respects to 28 U.S.C. section 2254, Rule 5, and SHOW CAUSE why a writ of habeas corpus should not issue.  Respondent shall file with the answer or other pleading a copy of all portions of the trial record that have been previously transcribed and that are relevant to a determination of the issues presented in the petition;

(4) Pursuant to Habeas Local Rule 2254-6, petitioner shall respond to the answer or other pleading by filing a traverse with the court and serving it upon respondent within thirty (30) days after he receives the answer;

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due.  No hearing will be held unless the Court so orders at a later date.

IT IS SO ORDERED

Date: November 16, 2005

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California